IRWIN v. TAYLOR & CO.


1. HOMESTEAD—EXEMPTION: *Judgment in attachment. Supersedeas.*
   When a homestead is attached in a suit before a justice of the peace,
   and the final judgment of the justice is appealed to the circuit court,
   the failure of the defendant to claim his exemption before the final
   judgment in the circuit court condemning the land for sale, will not
   estop him to assert his claim by filing his schedule, and obtaining a
   supersedeas after judgment, and before the sale. He could not assert
   his exemption before the judgment in the circuit court, because the
   justice, having no jurisdiction of the question, the circuit court
   would acquire none by appeal.

2. ATTACHMENT BEFORE J. P. *Jurisdiction. Title to land.*
   The grounds for an attachment where land has been attached in a
   suit before a justice of the peace, may be controverted before the
   justice, or on appeal in the circuit court, for they involve no inquiry
   as to the title to the land.


APPEAL from *Dallas* Circuit Court.

Hon. J. M. BRADLEY, Judge.


*R. C. Fuller,* for appellants.

1. The justice had no jurisdiction to try the attach-
ment branch of the case at all. (*Bush v. Visart, 40 Ark.,
124.*) The justice having no jurisdiction, the circuit court
acquired none on appeal.

2. The constitution clearly confers a privilege upon any
resident of this state, which he may claim at any time
before final sale, by filing his schedule and claiming his
exemption, whether before or after final judgment. (*Const.
1874, art. 9, sec. 3; Mansf. Dig., sec. 3006.*) Appellant's
schedule was filed in apt time. *46 Ark., 43; ib., 495.*

*W. P. & A. B. Grace*, for appellees.

1. Appellant did not appeal from the judgment sustaining the attachment.

2. Appellant, in his schedule, failed to allege or prove actual occupancy of the lot as a homestead. This was fatal. *Const., art. 9, sec. 3 ; 42 Ark., 175 ; 46 ib., 49.*

It was not filed in apt time. A failure to claim an exemption in the time and manner pointed out by the statute amounts to such waiver. *28 Ark., 488; 40 ib., 357.*

The statute fixes the time when the schedule is to be filed "upon the issue against him * * * of any attachment." It is too late after judgment and condemnation of the land. *Mansf. Dig., sec. 5033 ; 46 Ark., 47 ; 28 ib., 488; 40 ib., 357 ; Freeman on Ex., sec. 212 ; Waples on Alt., p. 165; Thomp. on Home. and Ex., secs. 826, 715 ; Rover on Jud. Sales, secs. 1435-6.*

SMITH, J.   E. S. Taylor & Co. sued Irwin & Co. before a justice of the peace, and took out an attachment, which was levied upon a town lot as the property of John Irwin, one of the defendants. The plaintiffs recovered a judgment for their debt, but the attachment was quashed. The plaintiffs appealed, and in the circuit court judgment was again rendered in their favor, the attachment sustained and the lot condemned to sale. No appeal was taken from this judgment, and for satisfaction thereof, a special *fi. fa.* was issued and the lot advertised for sale. John Irwin thereupon filed his schedule of exempted property, claiming the lot as his homestead, and the clerk granted a supersedeas.

The plaintiff now moved the circuit court to quash the supersedeas because :

1. EXEMP-
TION OF
H O M E -
STEAD:
Supersedeas after judgment in attachment.

*First*—It was not alleged that the house and lot were occupied by Irwin as a home ; and,

*Second*—It was not filed in time.

The circuit court did not pass upon the ground first mentioned, but ruled that it was necessary to claim the exemption before final judgment in the attachment suit. It therefore discharged the supersedeas.

Irwin was not estopped by the judgment in the attachment suit to claim his homestead. His right of homestead was not, and could not, have been litigated in that action. For justices of the peace have no jurisdiction where a lien on, or title to, or possession of, land is involved. (*Const. of 1874, art. 7, sec. 40.*) And by appeal from their judgments, the circuit court acquires no greater jurisdiction than they possessed. The constitutionality of the act of January 23, 1875 (*Mansf. Dig. sec. 4125, et seq.*), authorizing the constable to levy an attachment upon land, was sustained upon the distinct ground that it did not undertake to empower the justice to make any adjudication of such questions. *Bush v. Visart, 40 Ark., 124.*

No doubt the ground of attachment may be controverted before the justice or in the circuit court on appeal ; as, for example, whether the defendant is a non-resident of the state ; whether he has been absent therefrom four months ; whether he conceals himself to avoid the service of process, etc. For a trial of these issues involves an inquiry into the existence or non-existence of certain facts wholly unconnected with the laws governing real estate.

If Irwin possesses the qualifications prescribed by the constitution for claimants of a homestead, his right to hold this town lot, as exempt, will depend on the fact whether it was occupied by him as a residence at the date of the levy of the attachment. *Patrick v. Baxter, 42 Ark., 175; Richardson v. Adler, Goldman & Co., 46 ib., 43.*

Reversed and remanded for further proceedings.